■ DANIEL S. MARTIN, Appellant, v. CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Respondents, and HENRY T. GRINVALSKY, Defendant.— Judgment, Supreme Court, New York County, entered on March 14, 1973, granting defendants-respondents' motion for summary judgment as to all of the causes of action in the complaint herein, except plaintiff's fifth cause of action, affirmed, without costs and without disbursements. The written agreement entered into between plaintiff and defendant, the Catholic Medical Center of Brooklyn and Queens, Inc., granted plaintiff tenure as a full-time attending physician at that hospital, but it did not afford him tenure in his administrative position as Chairman of the Department of Surgery there. It is conceded that the provisions of that agreement which pertain to the termination of his administrative position were literally complied with. The agreement being clear and unambiguous and the procedures set forth therein for the termination of plaintiff's administrative position having been followed, no triable issues of fact, warranting denial of summary judgment, except as to the fifth cause of action, were shown to exist. The documentary evidence attached to plaintiff's complaint herein, itself, warranted Special Term's determination. No question of constitutional right of due process is presented by this record. The only rights possessed by the plaintiff are those arising out of the written agreement. Concur — Stevens, P. J., McGivern, Nunez and Capozzoli, JJ.; Murphy, J., dissents in the following memorandum: The essential burden of the causes of action summarily dismissed by Special Term is that plaintiff was discharged as Chairman of Surgery at defendant Medical Center in violation of due process rights granted him by law and his contract. Plaintiff was employed by Medical Center as attending physician in the surgery department under a written agreement which granted him tenure only as a physician. If the Medical Center desired to terminate any administrative position held by plaintiff, it was required to give him six months' written notice of such fact and " the opportunity at some time during such six months to appear before the [Medical Center's] Joint Conference Committee." The committee was then required to report its recommendations to the Governing Board, which made the final determination. Plaintiff asserts that, while the literal language of his contract may have been complied with, an " opportunity * * * to appear" connotes more than the chance to make a statement. Additionally, plaintiff alleges that he was not only refused written notice of the grounds for the proposed action and an opportunity to introduce

favorable (and rebut adverse) evidence, but the entire proceeding was permeated with bad faith as evidenced by the open animosity displayed by a majority of the members of the Joint Conference Committee. Under all of the circumstances here disclosed, I find sufficient arguable issues raised to preclude the granting of summary judgment. (*Cf. Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395; *Falk* v. *Goodman*, 7 N Y 2d 87.) Accordingly, the judgment appealed from should be reversed and the motion for summary judgment denied.